IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **AMELIA MURTAGH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   10-CV-2318 JTM /GLR |
| | ) |
| **MIDLAND FUNDING, LLC, and** | ) |
| **KRAMER & FRANK, P.C.** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, AMELIA MURTAGH, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against Defendants, MIDLAND FUNDING, LLC and KRAMER & FRANK, P.C., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. AMELIA MURTAGH, (hereinafter, "Ms. Murtagh") is an individual who was at all relevant times residing in the City of Lawrence, County of Douglas, State of Kansas.

5. The debt that Ms. Murtagh was allegedly obligated to pay was a debt allegedly owed by Ms. Murtagh to Target National Bank.

6. The debt that Ms. Murtagh allegedly owed Target National Bank was for a credit card, charges on which were incurred primarily for the personal use of Ms. Murtagh and/or for household expenditure.

7. At all relevant times, Ms. Murtagh was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. MIDLAND FUNDING, LLC, (hereinafter, "Midland") is a business entity engaged in the collection of debt within the State of Kansas. Midland is incorporated in the State of California.

9. The principal purpose of Midland's business is the collection of debts allegedly owed to third parties.

10. Midland regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Midland sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Midland acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Midland acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

14. KRAMER & FRANK, P.C., (hereinafter, "Kramer") is a law firm engaged in the collection of debt within the State of Kansas. Kramer is incorporated in the State of Missouri.

15. The principal purpose of Kramer's business is the collection of debts allegedly owed to third parties.

16. Kramer regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its efforts to collect debts allegedly owed to third parties, Kramer sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

18. At all relevant times, Kramer acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

19. At all relevant times, Kramer acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

### COUNT I: AMELIA MURTAGH v. MIDLAND FUNDING, LLC

20. Ms. Murtagh re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

21. On or about June 15, 2009, a lawsuit was filed against Ms. Murtagh in the District Court of Douglas County, Kansas, captioned as *Midland Funding, LLC v. Amelia J. Murtagh aka Amelia Murtagh*, with case number 09 L 1514, (hereinafter, "Douglas County matter.")

22. The aforementioned lawsuit was filed against Ms. Murtagh in relation to a debt she allegedly owed Target National Bank.

23. In or around June of 2009, Ms. Murtagh engaged in a telephone conversation with a duly authorized representative of Midland, who stated that it was calling to collect a debt allegedly owed by Ms. Murtagh to Target National Bank.

24. During the aforementioned telephone conversation between Ms. Murtagh and Midland, Midland stated that if Ms. Murtagh did not pay the debt she allegedly owed then Midland would garnish her bank account.

25. In response to Midland's threat to garnish her bank account, Ms. Murtagh informed Midland that at that time she was unable to pay the debt she allegedly owed because her only source of income was her social security payments. Ms. Murtagh further informed Midland that her bank account consisted solely of funds obtained from her social security payments.

26. During the course of the aforementioned telephone conversation, Midland stated that Ms. Murtagh should take out a loan in order to pay the debt she allegedly owed. Midland further stated that Ms. Murtagh was a "loser" as she had not paid the debt she allegedly owed.

27. Midland's statements as delineated above are neither statements made in an effort to seek payment from Ms. Murtagh nor statements made to further the collection efforts of Midland

28. The natural consequence of Midland's statements was to unjustly condemn and vilify Ms. Murtagh for her non-payment of the debt she allegedly owed.

29. The natural consequence of Midlands's statements was to produce an unpleasant and/or hostile situation between Midland and Ms. Murtagh.

30. The natural consequence of Midland's statements was to cause Ms. Murtagh mental distress.

31. On or about February 2, 2010, despite being cognizant that Ms. Murtagh's bank account consisted solely of her social security payments, a motion was filed on behalf of Midland in the Douglas County matter to garnish Ms. Murtagh's bank account at Douglas County Bank.

32. On or about February 2, 2010, despite being cognizant that Ms. Murtagh's bank account consisted solely of funds which were exempt from garnishment, a motion was filed on behalf of Midland in the Douglas County matter to garnish Ms. Murtagh's bank account at Douglas County Bank.

33. On or about March 1, 2010, the District Court of Douglas County granted Midland's request to garnish Ms. Murtagh's bank account at Douglas County Bank.

34. On or about March 2, 2010, Ms. Murtagh's bank account at Douglas County Bank was garnished.

35. The aforementioned bank account consisted solely of funds from Ms. Murtagh's social security payments.

36. On or about March 2, 2010, at the time the aforementioned funds were garnished, Midland was aware that the aforementioned funds consisted solely of Ms. Murtagh's social security payments.

37. On or about March 2, 2010, at the time the aforementioned funds were garnished, Midland was aware that the aforementioned funds consisted solely of funds that were exempt from garnishment.

38. On or around March 8, 2010, Ms. Murtagh filed an Objection to Garnishment in the Douglas County matter regarding the aforementioned garnishment.

39. On or about March 15, 2010, the District Court of Douglas County entered an Order in the Douglas County matter finding the garnished funds to be exempt from execution.

40. On or about March 15, 2010, the District Court of Douglas County entered an Order in the Douglas County matter requiring a release of the garnishment that was issued to the Douglas County Bank relating to Ms. Murtagh's bank account.

41. Midland, in an attempt to collect a debt allegedly owed by Ms. Murtagh, garnished Ms. Murtagh's bank account when it knew that the aforementioned account contained funds that were legally exempt from garnishment.

42. In its attempts to collect the debt allegedly owed by Ms. Murtagh, Midland violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

   c. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

   d. Attempted the collection of funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1); and,

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

43. As a result of Midland's violations as aforesaid, Ms. Murtagh has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, AMELIA MURTAGH, by and through her attorneys, respectfully prays for judgment against Midland as follows:

   a. All actual compensatory damages suffered;

6

      b.      Statutory damages of $1,000.00;

      c.      Plaintiff's attorneys' fees and costs;

      d.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II: AMELIA MURTAGH v. KRAMER & FRANK, P.C.

44.    Ms. Murtagh re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

45.    On or about June 15, 2009, a lawsuit was filed against Ms. Murtagh in the District Court of Douglas County, Kansas, captioned as *Midland Funding, LLC v. Amelia J. Murtagh aka Amelia Murtagh*, with case number 09 L 1514, (hereinafter, "Douglas County matter.")

46.    The aforementioned lawsuit was filed against Ms. Murtagh in relation to a debt she allegedly owed Target National Bank.

47.    Kramer represents Midland Funding, LLC in the aforementioned Douglas County matter.

48.    In or around June of 2009, Ms. Murtagh engaged in a telephone conversation with a duly authorized representative of Kramer who stated that if Ms. Murtagh did not pay the debt that was at issue in the Douglas County matter then her bank account would be garnished.

49.    In response to Kramer's statements, Ms. Murtagh informed Kramer that her bank account consisted solely of her social security payments.

50.    During the course of the aforementioned telephone conversation, Kramer told Ms. Murtagh that even if her bank account consisted solely of her social security payments that her bank account could still be garnished.

51. The aforementioned statements made by Kramer were false, deceptive and/or misleading as Ms. Murtagh's social security payments could not legally be subject to garnishment.

52. On or about February 2, 2010, despite being cognizant that Ms. Murtagh's bank account consisted solely of her social security payments, Kramer filed a motion in the Douglas County matter to garnish Ms. Murtagh's bank account at Douglas County Bank.

53. On or about February 2, 2010, despite being cognizant that Ms. Murtagh's bank account consisted solely of funds which were exempt from garnishment, Kramer filed a motion in the Douglas County matter to garnish Ms. Murtagh's bank account at Douglas County Bank.

54. On or about March 1, 2010, the District Court of Douglas County granted Kramer's request to garnish Ms. Murtagh's bank account at Douglas County Bank.

55. On or about March 2, 2010, Ms. Murtagh's bank account at Douglas County Bank was garnished. The aforementioned bank account consisted solely of funds from Ms. Murtagh's social security payments.

56. On or about March 2, 2010, at the time the aforementioned funds were garnished, Kramer was aware that the aforementioned funds consisted solely of Ms. Murtagh's social security payments.

57. On or about March 2, 2010, at the time the aforementioned funds were garnished, Kramer was aware that the aforementioned funds consisted solely of funds that were exempt from garnishment.

58. On or around March 8, 2010, Ms. Murtagh filed an Objection to Garnishment in the Douglas County matter regarding the aforementioned garnishment.

59. On or about March 15, 2010, the District Court of Douglas County entered an Order in the Douglas County matter finding the garnished funds to be exempt from execution.

60. On or about March 15, 2010, the District Court of Douglas County entered an Order in the Douglas County matter requiring a release of the garnishment that was issued to the Douglas County Bank relating to Ms. Murtagh's bank account.

61. Kramer, in an attempt to collect a debt allegedly owed by Ms. Murtagh, garnished Ms. Murtagh's bank account when it knew that the aforementioned account contained funds that were legally exempt from garnishment.

62. In its attempts to collect the debt allegedly owed by Ms. Murtagh, Kramer violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   c. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

   d. Attempted the collection of funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1); and

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

63. As a result of Kramer's violations as aforesaid, Ms. Murtagh has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, AMELIA MURTAGH, by and through her attorneys, respectfully prays for judgment against Kramer as follows:

   a. All actual compensatory damages suffered;

      b.      Statutory damages of $1,000.00;

      c.      Plaintiff's attorneys' fees and costs;

      d.      Any other relief deemed appropriate by this Honorable Court.

## V.    JURY DEMAND & TRIAL LOCATION

64. Ms. Murtagh hereby demands a trial by jury on all issues so triable.

65. The Plaintiff, AMELIA MURTAGH, by and through her attorneys, Larry P. Smith & Associates, Ltd., hereby respectfully requests that the trial of this matter proceed in Kansas City.

                    Respectfully submitted,
                    **AMELIA MURTAGH**

            By:    s/ Sarah R. O'Loughlin
                      Attorney for Plaintiff

Dated: June 1, 2010

Sarah R. O'Loughlin (Atty. No.: 22928)
LARRY P. SMITH & ASSOCIATES, LTD.
5822 Marion Street
Shawnee, KS 66218
Telephone:  (888) 595-9111 (x819)
Facsimile:   (888) 418-1277
E-Mail:      soloughlin@smithlaw.us